UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IQBAL SANDHU, *et. al.*,,

Plaintiffs,

v.

MARTEN TRANSPORT LTD.,

Defendant.

Case No. C25-5930 DGE

**ORDER REGARDING SETTLEMENT CONFERENCE**

This case has been referred for a settlement conference before the Honorable Michelle L. Peterson, United States Magistrate Judge. (Dkt. # 41.) Accordingly, IT IS HEREBY ORDERED:

**A. Participation of Parties**

All parties and their counsel are hereby DIRECTED to appear on:

December 7, 2026, at 9:30 a.m. until 4:00 p.m.

**United States District Courthouse**
**700 Stewart St. 12th Floor - Courtroom 12A**
**Seattle, WA 98101**

**All parties, lead counsel, and representatives with full and complete authority to enter into a settlement agreement, are required to personally attend the conference.** An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has full authority to settle the matter. An uninsured corporate party shall appear by a

representative authorized to negotiate, and who has full authority to settle the matter. If there are other parties necessary to settle the case, counsel must arrange for their attendance.

**Each party's relevant decision-maker(s) must be present at the conference. Any counsel appearing without decision-maker(s) with full authority to negotiate may result in an award to the other parties of their costs and fees incurred for the conference, or other sanctions.** If a party does not believe that they can provide the decision-maker(s) at the conference, then the party must immediately notify the Court to make arrangements for the participation of the decision-maker.

**The Settlement Conference is scheduled to start at 9:30 a.m. and run until 4:00 p.m.** Personal attendance is required for the entire duration of the settlement conference.

**B. Format**

Consideration of settlement is a serious matter that requires thorough preparation prior to the Settlement Conference. Set forth below are the procedures the Court requires the parties to follow and the procedures the Court will employ in conducting the Conference.

**1. Pre-Settlement Conference Exchange of Demand and Offer**

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, one week prior to the Settlement Conference (**on or before November 30, 2026**), plaintiffs' counsel shall submit a written settlement demand to defense counsel, including an itemization of damages claimed and the method by which they were calculated, as well as any request for non-monetary relief, with a brief explanation of why such settlement demand is appropriate. No later than three days prior to the Settlement Conference (**on or before December 2, 2026**) defense counsel shall submit a written response to plaintiff stating the defense settlement position and counteroffer. This

correspondence between the parties shall be included with the confidential letters submitted to the Court. Failure to comply with the requirements of this paragraph may result in the postponement of the Settlement Conference. Mr. Farrell will reach out to counsel for the parties to schedule a short introductory call with Judge Peterson. These calls will take place the day before the settlement conference **(Friday, December 4, 2026).**

**2. Submission of Confidential Settlement Letters**

Each party shall submit a confidential letter no later than two days prior to the Settlement Conference (**on or before noon on December 3, 2026**). Do not file copies of these letters on the Court docket and do not serve these letters on the opposing party. The letter shall include the case number and case name and shall be emailed to Judge Peterson at Tim_Farrell@wawd.uscourts.gov. The email subject line shall read: “Confidential [name of party] v. [name of party], case number, [Plaintiffs’/Defendants’] Settlement Letter.” Do not mail hard copies of the letter to Chambers.

The confidential settlement letters shall not exceed **ten (10) pages** in length and shall set forth the following:

- The name and title of the client who will be present throughout the conference and who will be authorized to enter into a settlement agreement, and the names and titles of any other persons who will attend the conference;
- A brief analysis of the key issues involved in the litigation, including the party’s claims and defenses and the applicable statutory or other bases upon which the claims or defenses are based;
- A candid description of the strongest and weakest points in **each** party’s case, both legal and factual (key exhibits, expert reports, or extracts of deposition transcripts may be attached);
- Itemization of damages, fees, and costs to date, and an estimated amount of fees, time, and costs to be expended through the conclusion of trial;

- Reference (by docket number) to any pending dispositive or other motions that would have significant effect on settlement for the Court to review prior to the conference;
- A history of past settlement discussions, including as an attachment the demand/offer letters set forth in paragraph B1;
- The major obstacles to settlement as perceived by each party; and
- A settlement proposal the party believes to be fair.

Failure to submit a Confidential Settlement Letter will result in the rescheduling or cancellation of the Settlement Conference.

**3. Confidentiality**

The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. As a result, statements made by any party during the Settlement Conference are not to be used in discovery or for any other purpose and will not be admissible at trial. LCR 39.1; Fed. R. Evid. 408(a). Any documents submitted for the Settlement Conference will be maintained in Chambers and will be destroyed after the Conference.

**4. Settlement Conference Format**

The Court will generally use a mediation format that consists of a joint session with an opening discussion by the Court. Opening statements by the parties are discouraged. Thereafter, there will be private caucusing by the Court with each of the parties. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to consider creative means for resolving the dispute.

//

**5. Settlement Agreement**

In anticipation of a settlement, each party shall bring to the settlement conference an electronic copy of a draft settlement agreement in a form acceptable to them for signature by all parties. If necessary, the Court may summarize the key terms of the agreement on the record. If settlement is agreed, it is the responsibility of all counsel to immediately report the settlement to the District Court as well as to timely memorialize the settlement.

DATED this 19th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge